UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSE M. ROSARIO | : | Civil Action No. 13-cv-1509 (KM) |
| Plaintiff, | : | |
| v. | : | **OPINION AND ORDER** |
| YUSUF M. HASSAN | : | |
| Defendant. | : | |

**MCNULTY, District Judge:**

Plaintiff, Jose M. Rosario, a prisoner, initiated this action by filing a Complaint in this Court on March 12, 2013. Although the complaint is written on the standard civil rights complaint form, it is not a civil rights complaint.[1] The Complaint states a civil cause of action against a private party, and it invokes this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). According to the Complaint, Plaintiff paid a $1800 retainer to the Defendant to represent him as an attorney in a criminal case. The case, however, was handled by the public defender. The Complaint seeks return of the $1800 retainer, which was

---

[1] A civil rights action under 42 U.S.C. § 1983 is addressed to persons acting under color of state law. An action against a private party, even one acting as an attorney in court, does not meet that requirement. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Thomas v. Howard*, 455 F.2d 228 (3d Cir. 1972) (a private attorney, although he volunteered to represent defendant through the county legal aid pool, is not a state actor and therefore is not subject to a civil rights action). Plaintiff seems to have used the civil rights complaint form as a convenience; he invokes diversity jurisdiction, and does not allege state action.

1

not earned by the Defendant. Plaintiff also seeks $100,000 in damages for "pain and suffering."

This Court has the obligation to assess its own jurisdiction before proceeding any further in this case. *See generally* Fed. R. Civ. P. 12(h). Without subject matter jurisdiction, this Court is wholly without power to act. Plaintiff has the burden to allege subject matter jurisdiction with the requisite specificity, and ultimately has the burden to establish it by a preponderance of the evidence. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990); *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006); 13E Wright, Miller & Cooper, *Federal Practice & Procedure* § 3611 (2009) (survey of requirements).

For present purposes, diversity subject matter jurisdiction attaches if:

1. Plaintiff and Defendant are citizens of different states, or a citizen of a foreign nation and of a state within the United States; and
2. the amount in controversy exceeds $75,000, exclusive of interest and costs.

28 U.S.C. § 1332(a)(1) & (2); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) (rule requiring complete diversity between all plaintiffs and all defendants).

Every complaint must contain a "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Upon receiving this Complaint, I noted that this requirement had not been met. I issued an Order to Show Cause (ECF no. 2) why the Complaint should not be dismissed for lack

of diversity jurisdiction. The Order to Show Cause explained the citizenship and amount-in-controversy requirements. It noted, in particular, that the Complaint did not allege citizenship and contained nothing to suggest that pain-and-suffering damages were available or appropriate in this action to recover an $1800 retainer. I permitted the plaintiff to show cause by means of an affidavit or certification, "with supporting facts." (ECF no. 2 at p.3)

In his response to the Order to Show Cause, plaintiff simply repeated that he sought pain-and-suffering damages of $100,000. (ECF no. 3) As to citizenship, he stated that, although currently incarcerated in New Jersey, he is a citizen of the Dominican Republic, that he is subject to an immigration detainer, and that, prior to his incarceration, he lived at 1600 9th Street, Reading, Pennsylvania. The defendant allegedly maintains a legal office at 245 Broadway, Paterson, New Jersey. Plaintiff stated that the defendant "works and lives in the state of New Jersey," or is "residing in the state of New Jersey." (ECF no. 3 at ¶¶ 7, 8.)

Evolving case law has resulted in "the following tests for determining the citizenship of natural persons: (1) a person is considered a citizen of a state if that person is domiciled within that state and is a citizen of the United States; (2) a person is considered a citizen or subject of a foreign nation if he or she is accorded that status by the laws or government of that country." 13E Wright, Miller & Cooper, *supra*, § 3611 at 465-68.[2] For purposes of diversity

---

[2] I set aside the status of permanent resident aliens under the 1988 amendments to the diversity statute. *See Singh v. Daimler-Benz AG*, 9 F.3d 303, 311 n.4 (3d Cir. 1993).

jurisdiction, state "citizenship means domicile, not residence. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972)." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) (not precedential); *see also Realty Holding v. Donaldson*, 268 U.S. 398 (1925). "[T]he domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *McCann*, 458 F.3d at 286 (quoting *Vlandis v. Kline*, 412 U.S. 441 (1973)).

Plaintiff is an inmate at East Jersey State Prison, in Rahway, New Jersey. "The modern position – and that adopted by the majority of courts of appeals to have addressed this issue – is that the domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment. That presumption, however, may be rebutted by showing a *bona fide* intent to remain in the state of incarceration on release." *Pierro*, 386 F. App'x at 309 (citing cases); *see also McCracken v. Murphy*, 328 F. Supp. 2d 530, 532 (E.D. Pa. 2004) (citing *Flanagan v. Shively*, 783 F. Supp. 922, 935 (E.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992)). Plaintiff, informed of these principles in the Order to Show Cause, responded that he is a citizen of the Dominican Republic and that he resided in Reading, Pennsylvania, immediately before his incarceration. I take this to mean that he does not have any intent to remain in New Jersey. He also states, however, that he is a citizen of the Dominican Republic and is subject to an "immigration detainer," which implies that he is not a citizen of the United States. I accept that, for purposes of diversity jurisdiction, the

4

plaintiff is a citizen of the Dominican Republic (or at any rate not a citizen of New Jersey).

The citizenship of Defendant is not set forth in the Complaint. The Complaint identifies the Defendant as Yusuf M. Hassan, Attorney at Law, who allegedly maintains a place of business at 245 Broadway, Paterson, New Jersey 07501. An address or business address is not sufficient to establish citizenship. I attempted to determine whether public records appropriate for judicial notice established Defendant's citizenship. *See generally* Fed. R. Evid. 201. I do take judicial notice of the publicly available fact that the State Bar does not have any record of a New Jersey attorney by that name. I have not checked any other State's roll of attorneys. But even assuming that plaintiff has adequately alleged a residence or business location, Defendant's citizenship is not stated. "[T]he pleader must identify specifically in which state in the United States each party has citizenship." 13E Wright, Miller & Cooper, *supra,* § 3611 at 489-92. If plaintiff and defendant were, for example, both citizens of other countries, or both citizens of one State, this court would have no jurisdiction. *See generally Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999); *Singh v. Daimler-Benz*, 9 F.3d 303 (3d Cir. 1993).

There is a second problem. The Complaint claims $1800 in ordinary compensatory damages, far below the $75,000 threshold for diversity jurisdiction. The Complaint also, however, claims $100,000 for "pain and suffering." Such an allegation may satisfy the jurisdictional dollar threshold in, for example, a case involving physical injury, where such damages are

commonly available. 14AA Wright, Miller & Cooper, *supra*, § 3707. Plaintiff, however, seems to base his action on a "contract." (ECF no. 3) Pain-and-suffering damages are not available in a contract action, and are not ordinarily available even in a tort action for legal malpractice. *See Coyle v. Englander's*, 199 N.J. Super. 212, 219, 488 A.2d 1083, 1086 (App. Div. 1985) ("In contract actions there is ordinarily no recovery for punitive damages and pain and suffering."); *Gautam v. De Luca*, 215 N.J. Super. 388, 399, 521 A.2d 1343, 1348-49 (App. Div. 1987) ("emotional distress damages should not be awarded in legal malpractice cases at least in the absence of egregious or extraordinary circumstances. . . . [D]amages should be generally limited to recompensing the injured party for his economic loss."). The Complaint sets forth a simple cause of action to recover an $1800 retainer; it contains no allegations that suggest it falls within the zone of cases in which pain-and-suffering damages are even theoretically available. In the Order to Show Cause, I invited the plaintiff to supply such facts. His submission simply reiterated that he was seeking pain-and-suffering damages.

In short, the Complaint, viewed alone or as supplemented by Plaintiff's submission in response to the Order to Show Cause, does not set forth an adequate basis for diversity subject matter jurisdiction. There being no basis for jurisdiction, it should not be accepted for filing. In light of plaintiff's *pro se* status, however, this ruling is WITHOUT PREJUDICE to filing an amended complaint that sets forth a proper basis for federal jurisdiction. Plaintiff is

cautioned that the jurisdictional allegations must be specific, *i.e.*, that they must factually allege the citizenship of the parties.

I cannot conclude without offering this *pro se* litigant a word of advice. Trying to make this claim fit the mold of a federal court diversity action may be a futile exercise. Claims of this kind are typically dealt with expeditiously in State Superior Court, or even in Special Civil Part, which handles relatively small claims. Because the complaint alleges wrongdoing by an attorney, or at least a person representing himself as such, I have directed that a copy of the Complaint and accompanying Order be served upon the State Attorney General and the Office of Attorney Ethics, so that they may evaluate and exercise their independent discretion as to these allegations. Of course, I do not prejudge the merits of the allegations of the Complaint, which are just that – allegations – over which the Court, at least at present, appears to have no jurisdiction whatever.

THEREFORE, for the reasons expressed above,

IT IS this 17th day of May, 2013,

ORDERED, as follows:

1. The Court notes, *sua sponte*, that it lacks subject matter jurisdiction over the Complaint, which therefore will not be accepted for filing. This ruling is WITHOUT PREJUDICE to the filing of a Complaint that properly sets forth a basis for diversity subject matter jurisdiction.

2. The Clerk shall administratively terminate this matter. If no amended complaint is received within 45 days this termination shall become final.

3. The Clerk shall serve complimentary copies of this Order and Opinion, as well as the Complaint in this matter, by U.S. mail as well as by email, upon

    a.    Attorney General of the State of New Jersey
        att: Dianne Moratti, Esq., Chief, Deputy Attorney General
        Hughes Justice Complex – 2d floor
        Trenton, NJ 08625
        Citizens.services@lps.state.nj.us [handwritten correction from .gov to .us]

and

    b.    Office of Attorney Ethics, Supreme Court of New Jersey
        att: Charles Centinaro, Esq., Director
        P.O. Box 963
        Trenton, NJ 08625
        Charles.centinaro@judiciary.state.nj.us

A notice shall accompany such service stating as follows: SERVICE FOR INFORMATIONAL PURPOSES ONLY, TO ALLOW EXERCISE OF YOUR INDEPENDENT DISCRETION. THERE HAS BEEN NO JUDICIAL FACT FINDING OR RULING AS TO THE ALLEGATIONS HEREIN.

                                                  */s/ Kevin McNulty*
                                                  HON. KEVIN MCNULTY
                                                  United States District Judge